LipsooMB, J".
It is objected by the appellant’s counsel that the court below erred in not overruling the peremptory exception of the defendant, after making a full answer. We believe that the exception should have preceded the answer, although by the rules of court at the time of the rendition of the judgmentdn this cause in the court below, and by the present statute, the exception and answer should have been filed at the same time; yet in the order in which they shoirld have been presented, the exception should have been first. The objection is therefore well taken, and we should reverse the decree, if it had been founded on the exception. But whatever the error may have been in the reception of the defendant’s exception and the refusal to strike it out on the appellant’s motion, it does not appear from the record to have had any influence on the decree subsequently made; but it seems that the judge, after allowing it to be placed on the record, gave it no effect whatever. The decree is very inartifi-cially drawn up, and 'the recoi’d contains much irregularity; and what increases the awkwardness of the proceedings of the court below is, a discrepancy between the decree and the statement of the presiding judge, designed by him perhaps, as a bill of exceptions.
In this statement the judge, after recounting what had been done in the cause, proceeds to say “the cause then was tried upon the sec-_ ond plea or exception of defendant.” Now a reference to the decree; shows that it could not have been founded on the exception. Because if it had, the bill could have been dismissed, for want of equity on the ground that the remedy was complete at law; this was the object sought to be effected by the exception. It could not have given the complainant costs. And lastly, if the exception had been sustained, the injunction could not have been perpetuated as to the particular execution and the levy made under it. It is very much to be regretted that such irregularities are found in the records sent up to this *(32) court. It is, however, hoped that more care and attention on the part of judges and counsel, in entering orders, decrees and judgments, will prevent a recurrence of the same faults. When we take up the decree we are at no loss to perceive, that it was as it assumes to be — based on the bill, answer and exhibits, and not on the exception of the defendant. It remains then for us to inquire if there was error in not decreeing further relief. It is presumed the relief granted was founded on the supposed excessive and oppressive levy under the execution; how far this was, in principle, correct, will not be inquired into, as the defendant seems to have submitted and asked no appeal; we will observe, however, that if the court below was right in granting any relief at all, that it went to the utmost extent, and that there is no other sufficient ground on the principles of equity to disturb the judgment. The only ground in the bill for granting the injunction is the averment of a want of notice, and consequently a want of an opportunity to make a defense. This is expressly denied by the defendant’s answer. And even this averment is made with a qualification that leaves the fact of notice too equivocal for the searching principles of equity jurisprudence. Where the strict rules of the common law courts are administered, the manner in which a notice may have been given is often very material; but in a court of chancery, it would in most cases be held to be of very little importance.
If the complainant really and in truth had notice of the motion against him in the district court, and failed to defend, trenching himself on the supposed illegalityof the notice, he cannot now, with a good conscience, ask to be relieved from the position in which he has been placed by the court of law. That court was the appropriate tribunal for deciding on the legality of the notice. The inference fairly deducible from the averment is, that, he in truth had notice, but believing it not to have been given according to the forms of law, he paid no attention to it. The averment, such as it is, has, as before remarked, been unequivocally denied by the defendant’s answer. The other averment, it is believed, will be sufficiently answered by saying, if true, the complainant had full and ample remedy at law without asking for an injunction.
If the judgment was for too great an amount, or was against improper parties, or the judgment itself, could not have been legally rendered under the circumstances, an appeal or writ of error would have been the ordinary means of obtaining an adequate remedy. A party will not be heard to invoke relief on equity principles, who has neglected the ordinary remedies afforded by courts of law.
*(33) Believing the argument of the plaintiff’s counsel refers to a supposed case, not presented by the true construction of record, we omit noticing his authorities fully, acquitting him of any fault, and believing the position assumed by him, resulted from the irregularities before noticed in the record. The decree of the court below is affirmed.